# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                     **Case No. 05-CR-81**

**WILLIE LEE JONES,**

    Defendant.

**ORDER DENYING DEFENDANT'S REQUEST TO REVIEW DETENTION**

On March 15, 2005, the grand jury returned an indictment charging the defendant Willie Lee Jones, who had previously been convicted of a felony, with knowingly possessing a firearm, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The indictment further alleges that the defendant is an Armed Career Criminal. If convicted, the defendant faces a maximum term of imprisonment of ten years, which could be increased if it is determined that he is an Armed Career Criminal.

On April 22, 2005, the defendant made his initial appearance and an arraignment was conducted. A not guilty plea was entered and the matter was set for trial. At that initial appearance, the government requested that the defendant be held without bond, based on 18 U.S.C. § 3142(e), in that Willie Lee Jones was both a danger to the community and posed a risk of non appearance. Under the statute, because of the nature of the offense and the maximum penalty, a rebuttable presumption arises that no condition or combination of conditions of release exist for the defendant. The defendant, through court appointed counsel, attempted to rebut the presumptions and the

government's proffer of reasons for detention by stating the Mr. Jones is a lifelong resident of the district and that he has always made his court appearances. The defendant took issue with several statements contained in the report of the Pretrial Services officer and requested that he be released on his own signature with a condition that he reside at his mother's residence, on the further condition of home confinement, monitored electronically.

As stated on the record, and memorialized in this court's subsequent written order, the court found that the defendant had failed to rebut the presumptions that he was both a danger to the community and a risk of non appearance. The court found that, despite the defendant's explanations, he had a history of failing to appear in court, that he had a lengthy criminal record, which included crimes of violent conduct and the possession and use of firearms. An order of detention was entered.

On July 13, July 25 and August 10, 2005, the court received a series of hand-written documents in which he seeks reconsideration of the court's order of detention. Pursuant to the court's request, the government on August 12, 2005, filed its response to defendant's motion for reconsideration. The government opposes the defendant's motion.

The court has considered the defendant's submissions, together with the government's response and declines to vacate its order of detention. While the defendant takes issue with the charges against him, and the manner in which the provisions of the Bail Reform Act were applied to him, he presents nothing concrete that would cause the court to review its decision. The bulk of the defendant's extensive submission consists of conclusory statements. Basically, the defendant argues that he should be released, because he will not repeat his past criminal conduct and he will not flee.

Before this court entered its order of detention, it balanced the defendant's arguments against the current charge, potential penalties and his past criminal history. As determined at the April 22, 2005 hearing, release on the defendant's signature, i.e., a promise, will not reasonably assure his appearance as required, nor deter his pattern of criminal conduct. On other hand, if the defendant, or family members on his behalf, are able to post substantial cash or property, then this may provide a sufficient incentive to assure the defendant's appearance and diminish the possibility of future criminal activity. At that point, the court is willing to review its order of detention.

Accordingly, the defendant's motion for reconsideration is **denied.**

SO ORDERED.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2005.

s/AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE