# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

        **Plaintiff,**

v.                                                          Case no. 05-CR-81

**WILLIE LEE JONES**

        **Defendant.**

---

## ORDER

---

On March 15, 2005, the grand jury returned a single-count indictment charging Willie Lee Jones ("Jones") with possession of a firearm, after having been convicted of a crime punishable by imprisonment for a term exceeding one year.

Jones, who is proceeding pro se, has filed a motion to suppress the statements he made to law enforcement officials on January 5, 2005, during a post-arrest statement. On October 5, 2005, this court conducted an evidentiary hearing to address the issues raised in Jones' motion to suppress. In addition, the court ordered that Jones file a post-hearing brief in support of his motion no later than October 21, 2005. After the deadline for Jones to file his brief had expired, on October 25, 2005, Jones filed an amended motion to suppress; a motion for extension; and a brief in support of the amended motion to suppress. In his amended motion to suppress, Jones presents the additional argument that law enforcement officers stopped him without probable cause or reasonable suspicion. For reasons detailed in the October 28, 2005 order, the court permitted Jones to proceed on his new

claim, granted Jones' motion for extension, and allowed the government additional time to respond to Jones' amended motion.

Jones has now filed additional post-hearing submissions: (1) a "motion to suppress evidence due to illgal stop;" (2) a "motion to suppress fruits of search and seizure of person and property in violation of U.S. Constitution;" and (3) a "motion to extend time to suppress fruits of search and seizure of persons and property in violation of U.S. Constitution Amend. IV." Jones' motions to suppress are dated prior to the court's most recent order, but were not received by the court until November 2, 2005. In addition, all of the submissions relate to Jones' argument that police stopped him without probable cause or reasonable suspicion. The argument is simply set forth in a motion separate from Jones' other grounds for suppression. Thus, the court has already ordered that the government respond to Jones' claim that law enforcement officers stopped him without probable cause or reasonable suspicion. No additional action is required for Jones to pursue his challenges. The government's response is due no later than November 10, 2005, and at the time this court makes its recommendation on Jones' previously pending motioins, it will also recommend that the most recent motions be **denied as moot.**

**SO ORDERED.**

Dated at Milwaukee, Wisconsin, this 4th day of November, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge