# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                     Case no. 05-CR-81

**WILLIE LEE JONES,**

        **Defendant.**

## ORDER

On March 15, 2005, the grand jury returned a single-count indictment charging Willie Lee Jones ("Jones") with possession of a firearm, after having been convicted of a crime punishable by imprisonment for a term exceeding one year.

On November 16, 2005, Jones filed numerous pretrial motions: (1) a motion to suppress evidence due to violations of the Speedy Trial Act; (2) a motion to suppress fruits of search and seizure without probable cause; (3) a motion to extend time to suppress evidence due to violations of the Speedy Trial Act; (4) a motion to dismiss the indictment under the Speedy Trial Act; (5) a motion "to order constitutional claims on their own merits," the caption of which cites the Fourth, Fifth, Sixth, and Fourteenth Amendments, as well as the Speedy Trial Act and the Bail Reform Act; and (6) a motion to exclude any and all amended motions to include probable cause and amended pleadings.

These motions are untimely. A jury trial in this case was originally scheduled to commence before the Honorable Charles N. Clevert on July 7, 2005. On June 24, 2005, Jones' counsel filed a

motion to withdraw, stating that Jones was displeased with his representation, that Jones wanted a different attorney, and that Jones agreed to waive any speedy trial demand so that new counsel can be appointed. (Plantinga Aff. ¶¶ 3-5.). The court granted the motion to withdraw and adjourned the upcoming trial date accordingly. New counsel was appointed and, on September 8, 2005, defense counsel indicated a desire to file a pretrial motion to suppress beyond the motion deadline, which had expired almost four months prior. In the interests of justice, the trial court granted Jones additional time to file a motion to suppress and tolled the deadlines of the Speedy Trial Act so that Jones' new motion could be addressed. (J. Clevert Order, Sept. 9, 2005.).

On October 5, 2005, this court conducted an evidentiary hearing to address the issues raised in Jones' motion to suppress and a motion to remove his most recent counsel, which Jones filed prior to the evidentiary hearing. For the reasons discussed in detail on the record, Jones' motion to remove counsel was granted, and Jones now proceeds pro se. In addition, the court ordered that Jones file a post-hearing brief in support of his motion no later than October 21, 2005 and discussed adherence to the court's motion deadlines and scheduling orders. (Evi. Hrg. Minutes, Oct. 7, 2005.). After the deadline for Jones to file his brief had expired, Jones filed an amended motion to suppress; a motion for extension; and a brief in support of the amended motion to suppress. For reasons detailed in its October 28, 2005 order, the court permitted Jones to proceed on claims discussed in these additional submissions, despite their untimeliness, and extended the response deadline so that the govrenment would have the opportunity to address Jones' amended motion. Jones then filed additional, untimely post-hearing submissions. As explained in its November 4, 2005 order, these submissions are redundant, and no further action is required for Jones to pursue his challenges.

As the history of this case and the timing of Jones' November 16, 2005 submissions indicate, the defendant continues to disregard the court's scheduling orders and motion deadlines. The government has filed its response to Jones' motion to suppress, as well as the many post-hearing submissions that Jones previously filed. While the most recent submissions were not received until after the deadline for the government's response brief, the opinion of this court is that both Jones and the government have had adequate opportunity to address all grounds for suppression that Jones has raised—either in conjunction with his original motion to suppress or expressed in additional submissions as independent grounds for relief. To the extent that Jones raises new issues related to the Speedy Trial Act, it appears that many delays were incurred at Jones' request and that the Speedy Trial Act has been tolled to accommodate Jones. Nonetheless, the court will consider Jones' motion when it makes its final recommendation to the trial court, and the government shall file a response, if any, no later than **November 30, 2005**.

As a final matter, the court notes that Jones repeatedly states that his most recent motions are intended for Judge Clevert. Under the criminal case management system in this district, all pretrial motions are referred to the assigned magistrate judge. The magistrate judge then issues an order on all nondispositive motions and makes a recommendation to the assigned district judge on any dispositive motion, such as a motion to dismiss or a motion to suppress. That practice is being followed in this case. Once this court files its recommendations and orders on pending pretrial motions, Jones and the government will have the opportunity to raise any objections to Judge Clevert prior to trial.

At this time, the only matter properly before Judge Clevert would be an appeal of this court's detention order. This court denied Jones' motion to reconsider his detention on August 23, 2005.

Shortly thereafter, on September 2, 2005, Jones filed a pro se "Appeal of Order Denying Defendant's Request to Review Detention in Court of Appeals for Seventh Circuit." That appeal was recently denied for lack of jurisdiction because Jones failed to seek the trial court's review of his detention before filing an appeal with the Seventh Circuit. Jones' recent submissions express that he wants the trial court to review his detention based on submissions filed with this court while the Seventh Circuit appeal was pending. Accordingly, all submissions regarding Jones' challenge to his detention that are not available in electronic form will be forwarded for the trial court's review. No further action by Jones is required at this time.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin, this 18th day of November, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge