UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                                            Case no. 05-CR-81

WILLIE LEE JONES,
          Defendant.

## ORDER

On March 15, 2005, the grand jury returned a single-count indictment charging Willie Lee Jones ("Jones") with possession of a firearm, after having been convicted of a crime punishable by imprisonment for a term exceeding one year.

On November 16, 2005, Jones filed numerous pretrial motions: (1) a motion to suppress evidence due to violations of the Speedy Trial Act; (2) a motion to suppress fruits of search and seizure without probable cause; (3) a motion to extend time to suppress evidence due to violations of the Speedy Trial Act; (4) a motion to dismiss the indictment under the Speedy Trial Act; (5) a motion "to order constitutional claims on their own merits," the caption of which cites the Fourth, Fifth, Sixth, and Fourteenth Amendments, as well as the Speedy Trial Act and the Bail Reform Act; and (6) a motion to exclude any and all amended motions to include probable cause and amended pleadings.

After the deadline for Jones to file his brief had expired, Jones filed an amended motion to suppress; a motion for extension; and a brief in support of the amended motion to suppress. For reasons detailed in its October 28, 2005 order, the court permitted Jones to proceed on claims

discussed in these additional submissions, despite their untimeliness, and extended the response deadline so that the govrenment would have the opportunity to address Jones' amended motion. Jones then filed additional, untimely post-hearing submissions. As explained in its November 4, 2005 order, these submissions are redundant, and no further action is required for Jones to pursue his challenges.

The court most recently entered an order on November 18, 2005, stating that, to the extent that Jones in his last submissions, raised new Speedy Trial Act issues, the government shall file a response, no later than November 30, 2005. On that date, the government did file its response in regard to issues under the Speedy Trial Act.

On December 20, 2005, Jones filed yet another set of documents under the heading "Amended Complaint to Dismiss Indictment under Speedy Trial Act Violations . . ." First of all, this is a criminal proceeding initiated by a return of the indictment by the grand jury; there is no "complaint" to amend. Therefore, the latest submission by Jones is not cognizable in these proceedings. Even though Jones has chosen todefend himself, he should seek the advice of his stand-by counsel in order to put his pleadings in proper form. A review of this latest submission indicates that it is actually a reply to the government's response on the Speedy Trial Act issues. The court will accept it as such.

Therefore, the Clerk of Court is instructed to modify Docket Entry #67 to reflect that it is Defendant's Reply in Support of his Motion to Dismiss on Speedy Trial Act grounds.

SO ORDERED.

Dated at Milwaukee, Wisconsin, this <u>21st</u> day of December, 2005.

s/AARON E. GOODSTEIN<br>U.S. MAGISTRATE JUDGE