UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,                                  Case No. 05-cr-81-pp

        Plaintiff,

v.

WILLIE LEE JONES,

        Defendant.

---

**ORDER DENYING DEFENDANT'S LETTER REQUEST TO CLEAR FELONY
RECORD (DKT. NO. 102)**

---

In December 2016, the defendant completed his term of supervised

release. See Dkt. Nos. 100, 101. On May 26, 2017, the court received a letter

from the defendant. Dkt. No. 102. The defendant reports that he obtained a job

with Master Lock through a temporary staffing service. His ninety-day review

period will be up on June 9, 2017, and he's very much hoping to be hired as a

permanent Master Lock employee. To that end, he asks the court for help "to

clear" his felony record. Id. The court does not have the authority to grant the

defendant's request.

First, the court is aware that the defendant has at least two prior *state*

felony convictions. This federal court does not have the authority to clear, or

"expunge," a conviction issued by a state court. If a person wants to clear a

Wisconsin state felony from his record, he has two options: He can ask the

state court for "expungement" under Wis. Stat. §973.015, or he can ask the

Wisconsin governor to pardon his convictions (see

1

wilawlibrary.gov/topics/justice/crimlaw/pardons.php for information on obtaining a pardon from Wisconsin's governor). Either way, a person must meet certain qualifications. The court does not know whether the defendant meets those qualifications or not—it encourages him to look into those options himself, or to discuss them with a lawyer.

As for the defendant's *federal* felony conviction: Federal courts do not have the authority to order the prosecutor to expunge its records. United States v. Janik, 10 F.3d 470, 472 (7th Cir. 1993). Nor does a district court have "the inherent power to order expungement of judicial records . . . ." United States v. Wahi, 850 F.3d 296, 303 (7th Cir. 2017). A federal court may not expunge judicial records in a criminal case unless there is a statute that provides for that remedy, or the Constitution requires it. Neither is the case here.

If a defendant wants a pardon for a *federal* criminal conviction, the defendant must seek that pardon from the President of the United States. Again, certain conditions apply. See https://www.justice.gov/pardon/pardon-information-and-instructions.

In short, this court does not have the authority to clear the defendant's criminal record. The court is so very pleased to hear that the defendant has been doing well at Master Lock, and sends him every wish that Master Lock will decide, based on his good performance, to hire him permanently. The court is aware of many people who have been able to get permanent jobs even with felony convictions on their records; the court fervently hopes that the

defendant becomes one of those people. But the court does not have the authority to remove the defendant's convictions from his records.

Finally, the court is very relieved to hear that the defendant's mother is doing well, given the struggles she has had (and the defendant, along with her) with dementia. The court sends its best wishes that the defendant's mother will continue to do well, with the love and care of her family.

The court **DENIES** the defendant's letter request to clear his record. Dkt. No. 102.

Dated in Milwaukee, Wisconsin this 5th day of June, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**